## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | | |
|---|---|---|
| MICHAEL ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-24 |
| | ) | |
| LAURA WOODRUFF | ) | |
| AGC LEASING LLC, | ) | |
| GO-TO TRANSPORT, INC. | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants, Laura Woodruff, AGC Leasing LLC, and Go-To Transport, Inc. (collectively, "Go-To Defendants") by counsel, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, hereby give notice of removal of this action from the Superior Court of Clark County, Indiana, to the United States District Court for the Southern District of Indiana, New Albany Division, and in support thereof state the following:

### Background

1.      On January 19, 2022, Plaintiff filed a Complaint for Damages in the Superior Court of Clark County, Indiana under Cause No. 10D06-2201-CT-000009. (*See* Plaintiff's Complaint, the "Complaint")

2.      Plaintiff's Complaint alleges that on January 24, 2020, Plaintiff was involved in an automobile accident with Go-To Defendants in Clark County, Indiana, and that Plaintiff sustained damages as a result of the accident. (*See* Complaint, ¶¶ 6-11)

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 94(b)(1) and 1441(a), because the United States District Court for the Southern District of Indiana, New Albany

Division, is the federal judicial district division embracing the Superior Court of Clark County, Indiana, where this action is pending.

4.       By filing this Notice of Removal, Go-To Defendants do not waive their rights to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Go-To Defendants reserve the right to assert any defenses and objections to which they may be entitled.

5.       This Court has original subject matter jurisdiction under 28 U.S.C. § 1332 and this case is removable under 28 U.S.C. §§ 1441 and 1446, as set forth below.

### Removal is Timely

6.       28 U.S.C. § 1446(b) provides the following limitation on removal of civil actions

> The notice of removal of a civil action or proceeding shall be filed **within 30 days after the receipt by the defendant,** through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant is such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

(Emphasis added).

7.       AGC Leasing LLC and Go-To Transport, Inc. first received a copy of the Complaint for Damages on January 29, 2022.

8.       Defendant Laura Woodruff first received a copy of the Complaint for Damages on January 31, 2022.

9.       Pursuant to 28 U.S. Code § 1446(b)(C), the deadline for removal of this civil action is 30 days from the date of receipt by Defendant Laura Woodruff of a copy of the summons and Complaint.

10.     Since less than thirty (30) days have passed since Woodruff received a copy of the summons and Complaint, this Notice of Removal is timely.

**Complete Diversity of Citizenship Exists Among the Parties**

11.     Plaintiff, Michael Ellis, is a citizen of the State of Indiana

12.     Defendant, Laura Woodruff, is a citizen of the State of Michigan.

13.     Defendant AGC Leasing, LLC is a citizen of the State of Michigan. AGC Leasing, LLC is a limited liability company ("LLC"). An LLC's citizenship is determined by the citizenship of each of its members. *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006). Gary Short and Alison Short are the sole members of AGC Leasing, LLC and are citizens of the State of Michigan. AGC Leasing, LLC is therefore a citizen of Michigan.

14.     Defendant Go-To Transport Inc. is a citizen of the State of Michigan as it is incorporated under the laws of the State of Michigan and maintains its principal place of business in Michigan.

15.     The controversy in this action is therefore entirely between citizens of different states of the United States, and Go-To Defendants desire to remove said cause from the Superior Court of Clark County, Indiana, to the United States District Court for Southern District of Indiana pursuant to 28 U.S.C. 1332(a)(1) and 1441(a).

**The Amount in Controversy Requirement is Satisfied**

16.     The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interests and costs. The defendant invoking federal jurisdiction has the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional minimum. *Meridian Sec. Ins. Co. v. Sadowski,*

441 F.3d 536, 543 (7th Cir. 2006). Where, as here, the Complaint does not specify the amount in controversy, the removing defendant must show "a reasonably probability that the jurisdiction minimum has been met." *Malinowski v. Walgreen Co.,* NO. 2:08-CV-173 RM, 2008 WL 2704740, at *3 (N.D. Ind. July 3, 2008) (citing *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir. 2005)). "[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 511 (7th Cir. 2006).

17.    In email communication on January 21, 2022, Plaintiff's counsel advised Go-To Defendants' counsel that the amount in controversy in this cause exceeds $75,000, exclusive of interests and costs.

18.    Because both of the requirements for federal diversity jurisdiction are satisfied, this case is removable by Defendants.

## **Removal is Appropriate**

19.    This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and removal is appropriate pursuant to 28 U.S.C. §§ 1441 and 1446 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 exclusive of interests and costs.

20.    Go-To Defendants attach as Exhibit "A" all pleadings, motions, orders, and all other filings filed in the state court, organized in chronological order by the state court filing, in compliance with 28 U.S.C. §§ 1446(a).

21.    Attached hereto as Exhibit "B" is a copy of Plaintiff's Complaint.

22.    This Notice of Removal is being served upon Plaintiff and contemporaneously filed with the Clerk of Superior Court of Clark County, Indiana.  Copies of the Notice of Filing Notice

of Removal, together with the Notice of Removal are being served upon Plaintiff pursuant to 28

U.S.C. § 1446(d).

      23.    The filing fee of $400.00 has been paid to the Clerk of the United States District

Court at the time of filing this Notice of Removal.

      24.    A copy of Go-To Defendants' Notice to Plaintiff and Clerk of the Clark County

Superior Court of Go-To Defendants' Application to Remove Cause to Federal Court is attached

hereto as Exhibit "C."

            Respectfully submitted,

            KIGHTLINGER & GRAY, LLP

          By:    */s/Alyson M. Kern*_____
                Erin A. Clancy, I.D. No. 21962-49
                Alyson M. Kern, I.D. No. 35270-29
                *Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this 1st day of March, 2022, the foregoing was electronically filed and served through the Court's E-Filing system on the following:

Devon M. Sharpe
JENNER, PATTISON & SHARPE
508 E. Main Street
Madison, IN  47250
dsharpe@wjennerlaw.net

            */s/Alyson M. Kern*_____
            Alyson M. Kern

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 N. Pennsylvania Street
Indianapolis, IN 46204
(317) 638-4521
eclancy@k-glaw.com
akern@k-glaw.com